Clayton Craig **HAYES**, Michael C. **Hayes** and R. Dennis Spain, Appellants,

v.

Norma **HAYES**, Appellee.

No. 06–95–00099–CV.

Court of Appeals of Texas, Texarkana.

Feb. 6, 1996.

Opinion Overruling Motion for Rehearing March 19, 1996.

James R. Rodgers, Moore, Payne, Clem, Rodgers & Hodgkiss, Paris, for Clayton Hayes.

Otis L. Carroll, Ireland, Carroll & Kelley, P.C., Tyler, for Michael Hayes & Dennis Spain.

Phillip N. Cockrell, Patton, Haltom, Roberts, McWilliams & Greer, L.L.P., Texarkana, Deborah J. Race, Tyler, Errol N. Friedman, Friedman Law Offices, Texarkana, James N. Haltom, Patton, Haltom, Roberts, McWilliams & Greer, L.L.P., Texarkana, for Norma Hayes.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

PER CURIAM.

On January 23, 1996, this Court entered an order directing appellants to either file a supersedeas bond or comply with post-judgment discovery orders. TEX.R.CIV.P. 621a. We informed appellants that failure to comply with the terms of our order on or before February 5, 1996 would result in dismissal of their appeal as authorized by TEX.R.APP.P. 60(a). Appellants have chosen not to take either action.[1] Accordingly, the appeal in this case is dismissed.

## ON MOTION FOR REHEARING

■ Appellants ask us to reconsider our dismissal of their appeal pursuant to TEX. R.APP.P. 60(a). Their main contention is that they did not receive adequate notice before

---

**1.** Rather, just before our deadline, they filed motions for rehearing of our order and related motions seeking further delays. Those motions are this date also overruled.

the evidentiary hearing conducted by the trial court. Thus, they argue that we cannot hold them in contempt and dismiss their appeal.

In this proceeding, neither this Court nor the trial court held them in contempt. The dismissal in the case was the result of sanctions. The trial court *did* order the parties to comply with the terms of its prior orders on discovery, stating:

> The [appellants] have entered into a pattern of post-judgment conduct calculated and intended to hinder and interfere with the enforcement of this Court's final and binding judgment and decree ... have refused to respond to proper post-judgment discovery in aid of enforcing the judgment, and have refused to abide by the terms of this Court's judgment....

Based upon the actions taken by the appellants, this Court ordered appellants to either abide by specific terms of discovery and turnover orders set by the trial court to enforce the judgment or alternatively file a supersedeas bond to prevent its enforcement. The stated penalty for failure to comply was dismissal under the auspices of TEX.R.APP.P. 60(a). Appellants did neither.

■ Sanctions are imposed by a court to secure enforcement of its orders by imposing a penalty for their violation and are authorized by the Rules of Appellate and Civil Procedure to penalize violations of orders of the trial court. *See* BLACK'S LAW DICTIONARY 1341 (6th ed. 1990). Sanctions can include the striking of pleadings, the granting of default judgment, or the dismissal of a cause of action. *TransAmerican Natural Gas v. Powell,* 811 S.W.2d 913, 918 (Tex.1991).

■ Contempt proceedings also penalize a party or attorney but are by definition executed through monetary fines or incarceration.[2] In the present case, neither fines nor incarceration were sought or granted as a penalty in the trial court or this Court.

Thus, the order of this Court is not an order of contempt, but a sanction.

The power to compel compliance with valid orders incident to the administration of justice is fundamental, and closely related to the core functions of the judiciary.... This power includes the power to sanction appropriately for failure to comply with a valid court order incident to one of the core functions of the judiciary.
*Kutch v. Del Mar College,* 831 S.W.2d 506, 510 (Tex.App.—Corpus Christi 1992, no writ).

■ The power to sanction exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the traditional core functions of the court. *Kutch,* 831 S.W.2d at 509.

The appellants do not complain that *this* Court failed to give reasonable notice. Rather, they argue that the trial court did not give one of the three appellants personal notice before the hearing was conducted below. Had the trial court acted on the allegations of contempt, at least the one party who did not receive actual notice could raise that deficiency against a contempt order. However, this was not a contempt order. Indeed, the trial court did not even enter sanctions against the parties. Instead, the court ordered the parties to comply with previously entered orders, based upon their refusal to comply with proper post-judgment discovery and their efforts to avoid the prevailing party's efforts to enforce her final and unsuperseded judgment.

■ In sanction proceedings, as well as in contempt proceedings, due process requires that a party be given an adequate opportunity to be heard. *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398–400 (Tex. 1979); *Worldwide Anesthesia v. Bryan Anesthesia,* 765 S.W.2d 445, 447 (Tex.App.— Houston [14th Dist.] 1988, no writ). Thus, the traditional due process protections of notice and hearing are also necessary before

---

**2.** TEX.GOV'T CODE ANN § 21.002 (Vernon 1988 & Supp.1996) reads as follows:

(a) Except as provided by Subsections (g) and (h), a court may punish for contempt.

(b) The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.

imposition of sanctions. TEX.R.CIV.P. 215(2)(b); *Sears Roebuck & Co. v. Hollingsworth,* 156 Tex. 176, 293 S.W.2d 639, 642 (1956).

■■■■ This right is guaranteed at the trial court level by rules requiring that the party be provided with reasonable notice. TEX.R.CIV.P. 215(1). The parallel appellate rule does not contain language requiring that notice be "reasonable," but we read that rule to require similar notice. TEX.R.APP.P. 60(a). Whether notice is reasonable depends on the circumstances of each case. *Bohmfalk v. Linwood,* 742 S.W.2d 518 (Tex.App.—Dallas 1987, no writ).

There is no dispute that the appellee provided notice to counsel for all parties of the hearing conducted below. In our order we directed counsel to make their clients personally aware of the order of this Court, and they did so. The three appellants do not contend that they were in any way unaware of the order of this Court.

■■■■ Appellants also suggest that a factual hearing must be held in order to determine what has occurred. Such a hearing is not required by TEX.R.APP.P. 60. Rather, it provides that a written response may be filed by the party in order to show grounds why the appeal should be continued. In the context of an appellate case, the facts are revealed by appellants' failure to file documents before this Court. Any further hearing would be both redundant and unnecessary. This Court can and has examined its own records to determine whether the required documents have been filed.

It is fundamental that a losing party must either supersede a judgment or submit to its enforcement. In this case, appellants seek to avail themselves of the appellate remedy provided within the Texas court system without complying with its requirements while avoiding the result of the judgment. This constitutes bad faith, as set out by the trial court and as observed by this Court.

In light of the trial court's order setting out appellants' repeated refusals to respond to proper post-judgment discovery and enforcement proceedings, our original order sent to counsel for appellants warned appellants of the consequences of their choices. Actual and reasonable notice was received, both by counsel and clients, as shown by the responses filed by counsel. TEX.R.APP.P. 60. In sanction proceedings, notice to counsel was both appropriate and adequate. *See* TEX.R.CIV.P. 21a.

Further, this Court reiterated in precise detail the alternative actions by which the appellants could avoid dismissal. We concluded our order by informing appellants that, in order to avoid dismissal, they were required to "provide this Court with adequate proof of compliance with the above directives." Rather than make any effort to comply, at the last moment counsel filed a motion to extend time.

We find the service in connection with the proceeding below to be all that was required for the type of proceeding involved, and this Court has likewise provided the appellants with all of the due process to which they are entitled. The motion for rehearing is overruled.