# DISSENTING OPINION

No. 04-10-00602-CV

**MARIN REAL ESTATE PARTNERS L.P.**, Derra Edwards, Hugh L. Lam, James P. Shee, Cheng-Lein C. Shee, Ricardo Velasquez, Gary M. Maganaris, Robin K. Pang-Maganaris, Dennis E. Gauthier, Cecilia G. Gauthier, Leal Urgin, Dresden & Goldberg Invesco, LLC, Maganaris Family Trust, Boerne Trust, and G2 Assets, LLC,
Appellants

v.

John E. **VOGT** and Nelda L. Vogt,
Appellees

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 06-150
Honorable N. Keith Williams, Judge Presiding

**DISSENTING OPINION TO DENIAL OF MOTION FOR REHEARING EN BANC OF ORDER DENYING MOTION TO DISMISS APPEAL UNDER RULE 42.3(c)**

Dissenting opinion by: Catherine Stone, Chief Justice, joined by Marialyn Barnard, Justice

Sitting:      Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: March 23, 2011

Appellees filed a Motion to Dismiss Appeal under Rule 42.3(c) on December 10, 2010, which was denied by a panel of justices on January 28, 2011. On February 14, 2011, appellees filed a Motion for Rehearing En Banc of Order Denying Motion to Dismiss Appeal under Rule 42.3(c). A majority of the court has voted to deny the motion for rehearing en banc. For the reasons stated in this opinion, I believe the motion should be granted and respectfully dissent.

**BACKGROUND**

After the trial court signed a final judgment in the underlying cause on April 23, 2010, granting both injunctive and monetary relief, appellants perfected this appeal on July 23, 2010. On November 5, 2010, the trial court signed a contempt judgment. The contempt judgment recites the following: (1) none of the defendants who are appellants in this appeal posted proper security or otherwise suspended enforcement of the April 23, 2010, judgment; (2) all of the defendants who are appellants in this appeal failed to comply with the order to remove encroachments contained in the final judgment; (3) four of the defendants who are appellants in this appeal failed to appear for a hearing before the trial court as required by subpoenas and by the trial court's October 4, 2010 order, which required them to appear at a hearing before the trial court set for October 8, 2010; (4) all of the defendants who are appellants in this appeal failed to comply with the trial court's order signed on October 8, 2010, requiring them to completely answer post-judgment discovery; (5) all of the defendants who are appellants in this appeal failed to appear before the trial court on November 5, 2010 as ordered by the trial court's October 18, 2010 show cause order; and (6) all of the defendants who are appellants in this appeal failed to appear before the trial court on November 5, 2010 as ordered by the trial court's October 21, 2010 show cause order. The contempt judgment then decrees that all of the defendants who are appellants in this appeal are in contempt of court and orders a capias to issue for the arrest of the individual defendants, any officer or representative of the defendants that are entities, and any trustee or officer of the defendants that are trusts.

On January 31, 2011, the trial court signed a second contempt judgment. The contempt judgment recites that the trial court signed an order on October 18, 2010, ordering all of the defendants who are appellants in this appeal to turn over certain property and to refrain from

conveying, secreting, disposing of, or selling certain property without the trial court's permission. The contempt judgment also recites that the trial court signed an amended show cause order on December 2, 2010, requiring all of the defendants who are appellants in this appeal to appear before the trial court on January 31, 2011, to show cause why they should not be held in contempt of court for failing to abide by the trial court's October 18, 2010 order. The contempt judgment further recites that all of the defendants who are appellants in this appeal failed to appear at the January 31, 2011 hearing. The contempt judgment decrees that all of the defendants who are appellants in this appeal are in contempt of court and orders a capias to issue for the arrest of the individual defendants, any officer or representative of the defendants that are entities, and any trustee or officer of the defendants that are trusts.

### DISCUSSION

The losing party to a lawsuit must either supersede the judgment while the case is pending appellate review or submit to its enforcement. *Ark of Safety Christian Church, Inc. v. Church Loans & Investments Trust*, 279 S.W.3d 775, 777 (Tex. App.—Amarillo 2007, no pet.); *Hayes v. Hayes*, 920 S.W.2d 344, 347 (Tex. App.—Texarkana 1996, writ denied); *see also Fletes Monterrey Chihuahua, S.A. de C.V. v. Dimas*, No. 04-95-00432-CV, 1996 WL 411210, at *1 (Tex. App.—San Antonio July 24, 1996, no writ) (dismissing appeal after appellants failed to provide appellate court with written certification that it complied with post-judgment discovery orders or filed a supersedeas bond) (not designated for publication). Since filing their notice of appeal, appellants have not superseded the judgment, have failed to submit to the enforcement of the judgment, and have been held in contempt of court for failing to comply with the trial court's orders relating to the enforcement of the judgment. The actions by the appellants include deliberately and intentionally violating two separate orders commanding them to appear before

the trial court at two separate contempt hearings. Rule 42.3 of the Texas Rules of Appellate Procedure authorizes this court to dismiss an appeal where an appellant has failed to comply with a court order. TEX. R. APP. P. 42.3(c). Although appellants contend the rule refers only to appellate court orders, the rule itself contains no such limitation. Both trial courts and appellate courts are members of the Texas court system. "In this case, appellants seek to avail themselves of the appellate remedy provided within the Texas court system without complying with its requirements while avoiding the result of the judgment." *Hayes*, 920 S.W.2d at 347. In order to avoid the dismissal of an appeal and to be entitled to seek appellate relief, Rule 42.3(c) requires appellants to abide by orders issued by the Texas court system during the pendency of the appeal.

An appellate court generally may be inclined to defer to the trial court regarding actions that should be taken relating to the enforcement of judgments which have not been superseded and are pending on appeal. However, the egregious actions taken by the appellants in defiance of multiple orders by the trial court in this particular case are an affront to the Texas court system as a whole. Allowing this appeal to proceed in view of these egregious actions could be read by the appellants as this court's tacit permission for the appellants to continue to engage in their course of egregious conduct. Tolerating such conduct, however, "breeds disrespect for and threatens the integrity of our judicial system." *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997). Because appellants have deliberately failed to comply with multiple trial court orders, I believe their appeal should be dismissed. Because the majority chooses not to dismiss the appeal, I respectfully dissent.

Catherine Stone, Chief Justice