Ernest L. **SAMPLE**, Appellant,

v.

Walter **FREEMAN**, Appellee.

No. 09–92–291 CV.

Court of Appeals of Texas, Beaumont.

March 31, 1994.

Rehearing Overruled May 5, 1994.

---

Jimmy W. Nettles, Beaumont, for appellant.

Robert E. Ray, Burrow, Countiss & Ray, Houston, for appellee.

Before NYE, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

NYE, Chief Justice.[1]

On July 16, 1979, appellee, Walter Freeman, executed a contract of employment with Ernest L. Sample, attorney at law and appellant herein. Appellant was hired originally to represent appellee for injuries sustained by him on February 2, 1979, while aboard the ship *SS Thomas Jefferson* owned by Water-

1. Chief Justice, Retired, Court of Appeals, Corpus Christi, sitting by assignment pursuant to

man Corporation. Freeman brought suit against attorney Sample for failure to timely file suit on his behalf for those injuries. Freeman sued under theories of negligence, gross negligence, Deceptive Trade Practices Act (DTPA) violations, and breach of warranty.

The case was ultimately tried to a jury in May 1992, which found attorney Sample 75 percent negligent and Freeman 25 percent negligent. The jury further found that Sample violated the DTPA and committed a breach of warranty. The jury awarded $30,000 to appellee, Freeman for past and future damages which was reduced by 25 percent. The jury further awarded $2,000 damages under DTPA and breach of warranty issues. Ten thousand dollars was awarded as attorney's fees for preparation and completion of the trial proceedings; $2,500 as reasonable attorney's fees in the event the case was appealed to the Court of Appeals, and additional $2,500 in the event it would be necessary for appellee to apply for or respond to, an application for writ of error to the Supreme Court of Texas. Appellee was further awarded $40,105.07 as pre-judgment interest on the damages in the past from August 2, 1979, to August 3, 1992, and the trial court ordered that past damages would bear post-judgment interest from August 3, 1992, forward.

Appellant brings forward 12 points of error. Under point one (a), (b), (g) and point ten appellant alleges that the trial court erred in overruling appellant's motions for instructed verdict and judgment notwithstanding the verdict because of various statutes of limitations barring the appellee's cause of action. It is undisputed that appellee retained appellant as his attorney on July 16, 1979, regarding his injury which occurred on February 2, 1979. Appellant acted as appellee's attorney until September 4, 1984, when he returned the file to appellee without having filed a lawsuit nor concluding the claim satisfactorily to appellee. In response to question twelve from the court, the jury found that the appellee discovered or should

Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

have discovered on September 5, 1984, that a lawsuit had not been filed for the injuries allegedly occurring on February 2, 1979, which was the day after the file which was in appellant's possession was returned to appellee. This issue was submitted to the jury in substantial compliance with *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988), and tracked Texas Pattern Jury Charges. The underlying lawsuit by appellee against the appellant was filed May 7, 1985, within the required two year limitation. We find no error.

■ In points one (c), and point four appellant alleges error on the part of the trial court for not granting appellant's motions for instructed verdict and for judgment notwithstanding the verdict because the appellee allegedly failed to plead and prove the underlying cause of action and the damages suffered by appellee. Appellee went to trial on his fifth amended original petition which alleged negligence on the part of the appellant as an attorney and specifically set out dates and acts on the part of appellant which caused appellee's injuries. After examining appellee's pleading, we find that there was sufficient language contained therein to give appellant fair notice of the claims that he would have to defend. We are compelled to construe the pleadings liberally in favor of the pleader. *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183 (Tex.1977). These points of error are overruled.

■ Point one (d) urges appellee failed to obtain jury findings to establish the underlying cause of action. Question eight directed the jury to indicate what sum of money would compensate appellee for his damages resulting from the shipboard injury, and specifically instructed the jury to award "the sum, if any, that [appellee] would have recovered and collected if his original suit had been properly prosecuted." This point is overruled.

■ Next we turn to the record as a whole. The evidence established that appellee was burned on his legs by 250 degree water while on board the vessel in question on February 2, 1979. He made instant outcries of pain and in fact spent one month in a hospital in Leningrad, Russia, where he was treated. Evidence was introduced to the jury in the form of photographs of the burns. Appellee's wife testified about past, present, and future pain and scarring as well as impairments which she recognized while appellant performed daily tasks and duties in her presence. An attorney witness testified as an expert that appellee's case was worth as much as $75,000. The jury returned a verdict for $30,000 for past and future damages. We find that the questions submitted to the jury regarding damages correctly followed the Texas Pattern Jury Charges and that the appellant adequately proved his causes of action and damages.

■ Under points one (e), (f), and points five and six appellant contends that the trial court erred in overruling his motions for instructed verdict and for judgment notwithstanding the verdict because the appellee failed to show that his underlying cause of action was not barred by Waterman Steamship Corporation bankruptcy proceedings and by the appellee's discharge at the end of the terminal voyage of the vessel in question in March 1980. Waterman Steamship Corporation was the owner of the *SS Thomas Jefferson*. A legal expert testifying on behalf of appellee stated unequivocally that by the time Waterman declared bankruptcy on December 1, 1983, the case should have been settled or otherwise successfully terminated. He further testified that a favorable judgment would have been collectible even because of the subsequent bankruptcy because Waterman's carrier, Lloyds of London, was still solvent. There is no evidence that the Waterman bankruptcy would have adversely affected appellee's claim. The jury specifically found in question eight the amount of money appellee would have recovered and collected if his original suit had been properly prosecuted. There is an absence of any relevance in the record before us of the appellee's discharge at the end of the terminal voyage of the vessel in question in March 1980. Appellee testified that he sailed with the vessel to Formosa where the owner probably sold the vessel. Appellee was not privy to information regarding what the owner was going to do with the vessel after that. Appellant cites no authorities nor makes any

argument in support of this point. We consider the point of error waived. *Henry S. Miller Management Corp. v. Houston State Associates,* 792 S.W.2d 128 (Tex.App.—Houston [1st Dist.] 1990, error denied).

■ Appellant alleges in points two, three, and seven that appellee failed to prove by competent evidence that appellant was negligent and that appellant's negligence was the proximate cause of appellee's injuries. Mr. Rand Mintzer testified on behalf of the appellee as an attorney and an expert in personal injury law emphasizing the field of admiralty law. Mr. Mintzer recited the standard of care to be employed in the handling of a case like the appellee's and then went on to testify how the appellant had violated the standard of care in handling the appellee's cause of action. He testified that without filing the law suit by October 6, 1983, there was no viable claim on behalf of the appellee. He also stated that the law suit should be filed six months prior to the running of the statute of limitations to correct any possible error in locating the right defendants. Under the best possible set of facts, the statute of limitations ran October 6, 1983, but appellant did not return appellee's file to him until September 4, 1984, therefore appellant was responsible for allowing the expiration of the statute of limitations which terminated any claim the appellee would have against his employer. The jury rejected appellant's assertion that appellee did not want him to file the suit. We find that the evidence was sufficient to sustain a jury verdict on behalf of the appellee finding negligence on the part of the appellant which proximately caused the loss suffered by the appellee.

■ Appellant alleges in his point eight it was error for the court to submit the case on the theory of a violation of the Deceptive Trade Practices Act based on an alleged breach of expressed or implied warranty. It is settled law that attorney malpractice is actionable under the DTPA. *DeBakey v. Staggs,* 612 S.W.2d 924 (Tex.1981). We need not reach the issue of implied warranty breach because the jury's answers to questions affirmatively found that appellant not only breached an express warranty but also an implied warranty and violated the perti-

nent provisions of the Deceptive Trade Practices Act. One damage issue was submitted to the jury in connection with both responses. We need not reach the implied warranty issue because the verdict will stand based on the answer to the damage question which in turn was based on the finding of breach of express warranty.

In point nine, appellant complains of the trial court having overruled appellant's special exceptions contained in defendant's fifth amended original answer. After examining the exceptions and noting the trial court's rulings, we find and hold that the trial court did not abuse its discretion in overruling the special exceptions of which appellant complains. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n.r.e.).

■ Appellant complains in point eleven that it was error for the court to overrule appellant's motion for new trial and for the court to refuse to reduce the damages because the verdict of the jury was excessive under the circumstances. We will treat this point separately even though appellant treated point twelve alleging error to award prejudgment interest with his point eleven. The jury awarded $20,000 for injuries suffered in the past and $10,000 for future injuries. A jury has wide discretion in fixing the amount of the damages awarded, so long as there is sufficient evidence to support the award. A jury award is subject to correction only for abuse or for excessiveness. The amount of damages suffered is a fact issue and this Court will not substitute its opinion for that of the jury if the verdict is supported by sufficient evidence. *Coastal States Gas Producing Co. v. Locker,* 436 S.W.2d 592 (Tex. Civ.App.–Houston [14th Dist.] 1968, no writ). The appellant in claiming excessive damages must establish that the jury's evaluation of the damages suffered is erroneous. *Bluebonnet Express, Inc. v. Foreman,* 431 S.W.2d 45 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). Appellant argues the judgment includes recovery for unplead special damages. Appellee's trial pleadings allege a cause of action against appellant, for negligence and deceptive trade practices, and prays for damages including "the reasonable

**476**

value of Plaintiff's original underlying claim or cause(s) of action; . . ." This is not a Jones Act suit, the damages at issue in this case are for the value of the suit which was never filed as such, we find the pleadings sufficient to place appellant on notice of the damages sought. We find that under the circumstances the award of damages by the jury was not excessive nor was there an abuse of discretion by the jury. We overrule appellant's eleventh point.

Appellant complains in point twelve that it was error for the court to award prejudgment interest in the amount allowed. The judgment entered by the trial court is specific regarding prejudgment interest. The trial court in its judgment, breaks down a total sum of $81,804.56 in damages as follows: $15,000 for past damages, $40,105.07 prejudgment interest on the damages in the past from August 2, 1979 to August 3, 1992; $7,500 future damages; $2,000 DTPA damages plus prejudgment interest on the DTPA damages from March 5, 1985 to August 3, 1992 of $2,199.49; $10,000 as attorney's fees for the preparation and completion of the trial proceedings plus $2,500 as attorney's fees for an appeal to the Court of Appeals; and $2,500 in the event an appeal to the Supreme Court is pursued.

The appellant states that in view of the fact that the underlying suit was filed May 7, 1985, being prior in time to the decision of *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), this would make that case inapplicable. *Cavnar* changed the law to allow a prevailing plaintiff in a personal injury action to recover prejudgment interest compounded daily on damages that had accrued by the time of judgment. In so holding, the Texas Supreme Court overruled *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (Tex.1897), and several other cases which had denied the recovery of prejudgment interest. *Cavnar* specifically holds that it would apply to all future cases "as well as those still in the judicial process" which involved wrongful death, survival, and personal injury actions. The phrase "still in the judicial process" includes a case tried and

on appeal on the date of the decision in question, *Downs v. J.M. Huber Corp.*, 580 F.2d 794 (5th Cir.1978); see also *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). The guiding principal in precluding full retroactivity turns on whether the decision establishes a new principal of law that either overrules clear, past precedent on which litigants have relied or decides an issue of first impression that was not clearly foreseeable. *Reagan v. Vaughn*, 804 S.W.2d 463 (Tex.1990).[2] While *Cavnar* applies to cases still in the judicial process it has been held that the requirement of pleading to substantiate prejudgment interest award is nevertheless necessary and required. *Vidor Walgreen Pharmacy v. Fisher*, 728 S.W.2d 353 (Tex.1987); *Benavidez v. Isles Construction Co.*, 726 S.W.2d 23 (Tex.1987). Appellee requested prejudgment interest. We find that the underlying cause of action was on file when the decision in *Cavnar* was written, therefore was still in the judicial process for purposes of applying the *Cavnar* ruling thereto. *Reagan*, 804 S.W.2d at 467.

Appellant alleges that an attorney malpractice case is not a suit for personal injury, therefore, Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 6(a) (Vernon Supp.1994) does not apply, and, by the same reasoning, neither would *Cavnar* apply. A cause of action for legal malpractice is in the nature of a tort. *Willis v. Maverick*, 760 S.W.2d at 644. We hold that this is a personal injury action under *Cavnar*.

The trial court awarded prejudgment interest on past damages beginning on August 2, 1979, six months following the date of appellee's shipboard injury. This is not the injury for which appellant was sued. Appellant argues in his supplemental brief that prejudgment interest is not recoverable in a Jones Act case, citing *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372 (5th Cir.1989). However, the cause of action at issue in this case is for legal malpractice. Prejudgment interest is appropriate in a legal malpractice case. *Rhodes v. Batilla*, 848 S.W.2d 833 (Tex.App.–Houston [14th Dist.] 1993, writ denied). In-

2. For prospective application only see *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978). Prospec-

tive application was also employed in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984).

terest runs from the date of injury rather than the date of discovery. *Prudential Ins. v. Jefferson Associates,* 839 S.W.2d 866 (Tex. App.–Austin 1992, writ granted). The purpose of prejudgment interest is to compensate the injured party for the loss of use of money. It cannot run before the cause of action accrues. That is precisely what the trial court has done in this case, and we hold it was error to award prejudgment interest from the date of the injury in the underlying suit on damages in the past.[3] Prejudgment interest runs from six months after the date the cause of action for malpractice accrued, which in this case is August 2, 1982.[4] Point of error twelve is sustained.

If appellee voluntarily, and within fifteen days from date, remits that amount of interest on past damages awarded by the trial court from six months after the date of injury, i.e., August 2, 1979 to August 2, 1982 to appellant, the judgment of the trial court will be affirmed, Tex.R.App.P. 85(e), otherwise the cause is reversed and remanded to the trial court for the judgment to be reformed in conformance with this opinion.

---

**3.** Had interest been collectible in the underlying suit, it would be an element of actual damages for the value of the suit, and would have been reduced by the percentage of appellee's negligence. Appellee did not submit an issue which included prejudgment interest on the value of the underlying claim.

**4.** 46 U.S.C.A. § 763 providing for a two year statute of limitation for Jones Act cases was repealed and replaced by 46 U.S.C.A. § 763a (West Supp.1993) to extend the limitation period to three years. This three year statute is retroactive to injuries occurring prior to the effective date of October 6, 1980. *Cooper v. Diamond M Co.,* 799 F.2d 176 (5th Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987).