NO. 07-01-0298-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 14, 2003



______________________________




SUSAN L. MILLER, APPELLANT



V.



J. MARK BREWER AND BREWER & PRITCHARD, P.C., APPELLEES




_________________________________



FROM THE 55TH DISTRICT COURT OF HARRIS COUNTY;



NO. 1999-42971; HONORABLE SHERRY RADACK, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and BOYD, S.J. (1)

OPINION


 This appeal arises from the trial court's dismissal, with prejudice, of a legal
malpractice suit filed by appellant Susan L. Miller (Miller) against appellees J. Mark Brewer
and Brewer & Pritchard, P.C. (Brewer). The suit was dismissed because of Miller's failure
to comply with the trial court's order requiring arbitration of the dispute. In pursuing her
appeal, Miller presents one issue with three sub-parts. In her issue, Miller asks the overall
question whether the trial court erred as a matter of law in its dismissal of her suit because
of her failure to comply with the required arbitration. As sub-parts of that question, she
asks if appellees were able to compel arbitration pursuant to an attorney-client contract
under (a) the Texas Arbitration Act; (b) the Federal Arbitration Act; and (c) under common
law. For reasons hereinafter stated, we affirm the judgment of the trial court.

 A brief recitation of the procedural history of this appeal is necessary. Miller's suit
against Brewer was filed on August 24, 1999. Her suit grew out of Brewer's
representation of her in a federal employment discrimination suit against Meridian Bank,
Meridian Bancorp, Inc., Meridian Securities, Inc., and Meridian Capital Markets, Inc., which
had been filed in the Federal District Court for the Southern District of Texas, Houston
Division. In the suit against Brewer, Miller alleged that Brewer settled the federal case
without her knowledge, consent, or approval, failed to advise her of the settlement, and
obtained a portion of the settlement funds and applied it to Brewer's attorney's fees without
her knowledge. 

 On October 4, 1999, Brewer responded to the suit by filing a plea in abatement, a
motion to compel arbitration, and an answer. The motion to compel arbitration was based
upon a mandatory arbitration clause contained in a written attorney-client representation
contract between Miller and Brewer. On October 15, 1999, Miller responded by asserting
that the pages containing the arbitration clause were not in the contract when she signed
it and, in the alternative, if she had agreed to the employment contract and the arbitration
clause, her agreement was the result of fraud and fraudulent inducement. She also filed
supporting affidavits. On December 15, 1999, Brewer filed a brief and supporting affidavits
in connection with the plea in abatement and motion to compel arbitration. On December
22, 1999, after a hearing but without receiving evidence other than that contained in the
record, the trial court entered its order compelling arbitration within 60 days and abated
the case during the arbitration.

 On February 16, 2000, Miller filed a demand for arbitration with the American
Arbitration Association. On October 20, 2000, Miller filed a motion to set aside the order
compelling arbitration and for reinstatement of the case on the court's docket. On
November 3, 2000, the trial court denied Miller's motion to reconsider. Miller then revoked
the consent to arbitrate and sought to have the case reinstated on the trial court's docket. 
On May 3, 2001, Brewer filed a motion to dismiss the case because of the failure to
arbitrate and, on May 25, 2001, the trial court entered the dismissal order giving rise to this
appeal.

 In relevant part, the arbitration clause in question here reads:

 This agreement is subject to binding arbitration. We do not anticipate a
dispute over our representation or related fees and expenses. However, if
a dispute should arise, all claims, disputes, controversies, differences or
other matters in question arising out of our relationship to each other
(including, but not limited to compensation for services rendered by the firm)
shall be settled finally, completely and conclusively by arbitration in Houston,
Harris County, Texas, in accordance with the Commercial Arbitration Rules
of the American Arbitration Association (the "Rules"), by one or more
arbitrators chosen in accordance with the Rules . . . .


Discussion

 As we have noted, the question Miller presents for our decision is whether, as a
matter of law, the trial court erred in entering its order compelling arbitration.
Parenthetically, Miller did not request findings of fact from the trial court and does not in
this appeal challenge the trial court's resolution of any fact questions underlying its order. 
A party seeking to compel arbitration must establish the existence of an arbitration
agreement and show that the claims asserted fall within the scope of that agreement. In
re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). Once a party
establishes a claim within the arbitration agreement, the trial court must compel arbitration
and stay its own proceedings. Id. In Texas, every reasonable presumption must be
decided in favor of arbitration. Nationwide of Bryan, Inc. v. Dyer, 969 S.W.2d 518, 520
(Tex. App.-Austin 1998, no pet.). If a party denies the existence of an agreement to
arbitrate, the trial court shall proceed summarily to determine the issue. See Tex. Civ.
Prac. & Rem. Code Ann. §171.021 (Vernon. Supp. 2003).

 The Texas Arbitration Act (the Act) is found in sections 171.001-171.098 of the
Texas Civil Practice & Remedies Code. Miller initially argues that a claim for legal
malpractice is a claim for personal injury within the purview of section 171.002(a)(3). In
relevant part, that section provides that the Act does not apply to a claim for personal injury
unless each party to a claim, on the advice of counsel, agrees to arbitrate and the
agreement is signed by each party and each party's attorney. Tex. Civ. Prac. & Rem.
Code Ann. §171.002(a) & (c) (Vernon Supp. 2003). There being no such written
agreement in this case, Miller reasons that the court's order compelling arbitration was not
valid.

 In advancing her argument, Miller relies upon the court's decision in In re Godt, 28
S.W.3d 732 (Tex. App.-Corpus Christi 2000, no pet.). In that case, the court held that an
arbitration provision in an attorney-client fee agreement was not enforceable under section
171.003(a)(3) because the client did not act on the advice of independent counsel, nor did
independent counsel sign the agreement. Id. at 739. The Godt court's conclusion is
bottomed on the holding in Willis v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988), in which
the court opined that a cause of action for legal malpractice is in the nature of a tort for the
purpose of the two-year statute of limitations. En route to its conclusion, the Godt court
also noted Sample v. Freemen, 873 S.W.2d 470, 476 (Tex. App.-Beaumont 1994, writ
denied), and Estate of Degley v. Vega, 797 S.W.2d 299, 302-03 (Tex. App.-Corpus Christi
1990, no writ), which had arrived at similar holdings. In both of those cases, the courts
cited and relied upon Willis as standing for the proposition that a legal malpractice claim
is a claim for personal injury. However, we do not read Willis as standing for that generic
proposition. Bryan Garner, in his excellent Dictionary of Modern Legal Usage, defines a
tort as "a civil wrong; the breach of a duty that the law imposes on everyone" and goes on
to comment that that definition is "barely adequate" because "there is no common set of
traits that every tort possesses." BRYAN GARNER, A DICTIONARY OF MODERN LEGAL
USAGE 885 (2ND ed. 1995). We do not agree that simply because a legal malpractice suit
is classified as a tort, that classification requires the conclusion that such a suit is one for
personal injury.

 We also note that in its opinion, the Godt court commented on and, in reaching its
conclusion, apparently relied upon the fact that "the nature of Godt's complained-of injury
in her malpractice claim is an action for personal injury, rather than an action for economic
or contractual losses." Godt, 28 S.W.3d at 739. Miller's underlying claim was for
economic losses stemming from employment discrimination rather than for personal injury. 
For these reasons, we do not think the rationale of the Godt decision is applicable here. 


 Rather, we find the rationale used by the court in In re Hartigan, 107 S.W.3d 684
(Tex. App.-San Antonio 2003, n. pet. h.) helpful. In Hartigan, the court refused to hold that
a legal malpractice suit was per se one for personal injuries. The legal malpractice suit
involved in that matter arose out of representation in a divorce case and, the court opined
the suit was not a claim for personal injury and was not excluded from the scope of the
Texas Arbitration Act by section 171.002(a)(3). Id. at 690-91. The suit with which we are
concerned arises out of a suit for economic losses as a result of employment
discrimination. We hold that it is not a suit for personal injuries within the purview of
section 171.002(a)(3) of the Act. Thus, the trial court did not err in entering its order
requiring arbitration. 

 Our holding that, under the Texas Arbitration Act, the trial court did not err in
entering its order compelling arbitration, obviates the necessity for discussion of whether
the order was permissible under the Federal Arbitration Act or under common law. In
summary, we hold the trial court did not, as a matter of law, err in ordering the parties to
submit the underlying suit to arbitration. Accordingly, Miller's issue is overruled. 

 Because of Miller's undisputed refusal to comply with that order, the trial court did
not abuse its discretion in entering its dismissal order, and the judgment of the trial court
is affirmed.

 Per Curiam

NO. 07-01-0298-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 14, 2003



______________________________




SUSAN L. MILLER, APPELLANT



V.



J. MARK BREWER AND BREWER & PRITCHARD, P.C., APPELLEES




_________________________________



FROM THE 55TH DISTRICT COURT OF HARRIS COUNTY;



NO. 1999-42971; HONORABLE SHERRY RADACK, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and BOYD, S.J. (2)

CONCURRING OPINION



 Considering the procedural posture of this case, I concur in the result, only.



 Don H. Reavis

 Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.
Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 


 expenses but denied a recovery for pain. 736 S.W.2d at 204. 
The appellate court reversed and remanded for a new trial. Id. at 205. The brief
descriptions of the cuts in the opinion offer little basis on which to compare those injuries
to the single half-inch cut suffered by John. Medical testimony in Porter indicated, though,
that one of the wounds required treatment by cleaning. Id. The jury here was not required
to accept John's testimony, which was not supported by the medical records, that his cut
required stitches. 

 As we read the record, John's complaints of pain in his elbow must be regarded as
more subjective than objective. It is not clear from the medical records, for instance, what
objective evidence showed that the elbow was "contused." During his testimony, John
most often used the term "sore" when describing his elbow's condition following the
accident. He testified also that the emergency room physician did not prescribe pain
medication for him, but advised over-the-counter medications. The jury could have
concluded that John's injuries were so minor as not to merit an award for pain and
suffering. See Biggs v. GSC Enterprises, Inc., 8 S.W.3d 765, 769 (Tex.App.-Fort Worth
1999, no pet.) (mere fact of injury does not prove compensable pain and suffering). 

 Viewing all the evidence before the jury in light of the case authority discussed, we
find the jury's denial of an award of pain and suffering to either plaintiff was not so against
the great weight of the evidence as to be clearly wrong and manifestly unjust. 

 Appellants also challenge the denial of any recovery for physical impairment and
Aide's lost wages. As evidence of her physical impairment, they cite testimony that Aide
is no longer able to play basketball, has pain when taking walks and is no longer able to
"fully enjoy dancing." The supreme court discussed the requirements for an award of
damages for physical impairment in Golden Eagle, 116 S.W.3d at 763, et seq. That
discussion confirms previous case law holding that the effect of a plaintiff's physical
impairment must be substantial and extend beyond any pain, suffering, mental anguish,
lost wages or diminished earning capacity. Id. at 772. (7) Appellants' cited evidence of Aide's
physical impairment comes entirely from their testimony and that of their friend Alice
Guerrero. Although the jury was not instructed concerning the meaning of physical
impairment, we find the jury's apparent evaluation of the substance and extent of Aide's
physical impairment was not clearly wrong or manifestly unjust. 

 As evidence of Aide's lost wages, appellants rely primarily on Dr. McCarty's "health
status certificate" that Aide not work for one week and her testimony that she made $8.75
per hour. They argue this established she lost wages of $490 and was entitled to recover
this amount. The jury was not bound by the evidence of Dr. McCarty's opinion that Aide
should not work for one week. Ponce, 68 S.W.3d at 806. Aide also testified her absence
from work was due to the pain she experienced. To the extent her claim to these damages
depended on that necessarily subjective basis, the jury's evaluation of her credibility and
demeanor must be afforded significant deference. Id. Based on the record before us, we
cannot say the jury's resolution of those matters and denial of any recovery for lost wages
was so against the great weight of the evidence as to be clearly wrong and manifestly
unjust. We overrule appellants' second issue.

 Our overruling of appellants' issues challenging the jury's findings that appellants
suffered no compensable damages requires that we affirm the take-nothing judgment. 
Discussion of their third issue is thus not necessary to our disposition of the appeal. We
affirm the trial court's judgment. 


 James T. Campbell

 Justice







 
1. See Grove v. Overby, No. 03-03-0700-CV, 2004 WL 1686326 (Tex.App.-Austin
July 29, 2004, no pet.) (mem. op.) (section 18.001 affidavits not conclusive on
reasonableness or necessity of charges despite absence of controverting affidavit), issued
after appellants filed their brief in this appeal. See also Sloan v. Molandes, 32 S.W.3d 745,
752 (Tex.App.-Beaumont 2000, no pet.); Beauchamp v. Hambrick, 901 S.W.2d 747, 748
(Tex.App.-Eastland 1995, no writ). 
2. Neither Dr. McCarty nor any other medical expert testified. Dr. McCarty's records
contain this diagnosis from his initial examination of Aide: (1) acute cervical strain, (2)
acute thoracic strain, (3) acute upper lumbar strain, and (4) first degree sprain of the right
ankle. The jury was not provided any evidence of the meaning of the terms "acute" and
"first degree." 
3. See also Golden Eagle, 116 S.W.3d at 775, in which the supreme court,
discussing evidence that overlaps categories of damages for physical injury, cautioned that
the jury's discretion to resolve conflicting evidence about the existence and severity of
physical injury and associated pain "does not mean, however, that a verdict awarding no
damages for pain and suffering should be upheld on appeal if there is objective,
undisputed evidence of a significant injury and the jury could not have compensated the
injured party in some other category of damages."
4. As noted, the emergency room report indicates her right ankle was swollen and
"abnormal" in appearance. Dr. McCarty's report from his initial examination twelve days
after the accident contains the statement, "Some soft tissue swelling is noted around the
right ankle." McCarty's report a week later refers to the swelling as "minimal," and swelling
is not noted thereafter in his periodic reports. The contusion to Aide's chest also is noted
in the emergency room report. Dr. McCarty's report of his initial examination describes it
as a "resolving hematoma." It is not mentioned again in the records.
5. Appellants also compare the evidence of their injuries with those described in
Hammett, 804 S.W.2d at 668 (comparing objective evidence of injury to one plaintiff
through medical testimony of analysis of x-ray with absence of such evidence of injury to
second plaintiff), Davis v. Davison, 905 S.W.2d 789 (Tex.App.- Beaumont 1995, no writ)
(pain from objective burn injury), Russell v. Hankerson, 771 S.W.2d 650 (Tex.App.-Corpus
Christi 1989, writ denied) (with conflicting evidence of fracture to foot, court found
"objective symptoms of injury" in severe swelling of foot and black discoloration indicating
bleeding of tissues), Porter v. General Tel. Co., 736 S.W.2d 204 (Tex.App.-Corpus Christi
1987, no writ) (lacerations), and Monroe v. Grider, 884 S.W.2d 811 (Tex.App.-Dallas 1984,
writ denied) (fractured wrist). The subjective nature of Aide's primary complaints
distinguishes her claim for pain and suffering from those asserted in these cases.
6. Too, the appeals court in Sansom gave significance to the jury's finding that the
plaintiff had suffered a compensable injury, as shown by its award of medical expenses. 
Id. at 293. The jury here did not award damages for medical expenses, or for any other
category of damages. 
7. The court also instructed that review of the factual sufficiency of evidence
supporting jury findings on claimed physical impairment damages must take into account
the extent to which the jury may have compensated the plaintiff for such damages through
its award in another category of damages. Id. at 773. In this case, of course, the jury
awarded no damages in any category.