NO. 07-07-0040-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 5, 2007

______________________________

ARK OF SAFETY CHRISTIAN CHURCH, INC., APPELLANT

V.

CHURCH LOANS & INVESTMENTS TRUST, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 093264-00-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION

Ark of Safety Christian Church (Ark) appeals from the granting of a summary judgment by the trial court in favor of Church Loans & Investments Trust (Church Loans).  Prior to filing its brief in response to Ark’s appellate brief, Church Loans has filed a motion to dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c).  We grant the motion.

Procedural Background

On December 5, 2006, the trial court entered a final summary judgment against Ark in the amount of $57,750 in money damages, $24,000 in attorney fees, $7,170 in pre-judgment interest, and post-judgment interest accumulating at the rate of $19.90 per day.  Ark subsequently filed a motion for new trial, which was overruled by order of the trial court on January 26, 2007.  Ark gave notice of appeal on February 16, 2007.  On January 23, 2007, Church Loans initiated post-judgment discovery by serving interrogatories and requests for production on Ark.  The interrogatories and requests for production went unanswered and subsequently, on March 26, 2007, Church Loans filed a motion to compel  answers to post-judgment discovery.  The trial court held a hearing on Church Loans’s motion to compel, on April 13, 2007, and ordered Ark to deliver full and complete answers and responses by 5:00 p.m. on April 18, 2007.  At the same time, Ark was further ordered to pay reasonable attorney fees of $1,000 to Church Loans.  Subsequently, on April 25, 2007, Church Loans filed a second motion to compel and a motion to show cause alleging that Ark had failed to comply with the trial court’s order of April 13, 2007.  As a result of the second motion, the trial court entered an order on April 27, 2007, requiring Ark to pay counsel for Church Loans, by 5:00 p.m. on May 2, 2007, $2,500 as sanctions for Church Loans being required to file a second motion to compel.  The trial court also ordered Ark to provide full and complete answers and responses to Church Loans’s post-judgment discovery by 5:00 p.m. on May 4, 2007.  Further, the order of the trial court required Ark to pay $1,000 for each business day after May 4, 2007, that full and complete discovery, previously ordered, was not delivered to Church Loans.  Finally, the trial court ordered that, if Ark had not complied with the order of the trial court by May 4, 2007, Ark was to personally appear before the court, by and through its Pastor, on Friday, May 11, 2007.  On May 11, 2007, the trial court held a show cause hearing.  The trial court held Ark’s representative in contempt and ordered additional sanctions, fines, and required that Ark post a supersedeas bond in the amount of $100,000.  The record reflects that no supersedeas bond was filed and that Ark took no action to comply with the trial court’s orders.

Analysis

Based upon the failure of Ark to answer the post-judgment discovery, pay the associated sanctions, and/or file a supersedeas bond, Church Loans has requested this court to dismiss the appeal.  The losing party to a lawsuit for money damages has a choice to either submit to the judgment or supersede the judgment by filing of a proper bond while the case is pending appellate review.  
Hayes v. Hayes
, 920 S.W.2d 344, 347 (Tex.App.–Texarkana 1996, writ denied).  Since giving notice of appeal, Ark has neither answered post-judgment discovery, a method whereby the judgment creditor can attempt to enforce his judgment, nor has Ark superseded the judgment, even after being explicitly ordered to do so by the trial court’s order of May 11, 2007.  Ark has, therefore, failed to comply with an order of the trial court.  
Tex. R. App. P. 
42.3(c).  Church has filed a motion requesting that we dismiss the appeal for Ark’s failure to comply with the order of the trial court.  Ark, though served with a copy of the motion, has filed no response.  Inasmuch as the trial court’s orders have not been complied with, we grant the dismissal of the appeal.  
Tex. R. App. P. 
42.3 (c); 
Hayes 
, 920 S.W.2d at 347.

Conclusion

Church’s motion to dismiss is granted and the appeal is dismissed.  

Mackey K. Hancock

         Justice

.  

rences or other matters in question arising out of our relationship to each other (including, but not limited to compensation for services rendered by the firm) shall be settled finally, completely and conclusively by arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the “Rules”), by one or more arbitrators chosen in accordance with the Rules . . . .

Discussion

As we have noted, the question Miller presents for our decision is whether, as a matter of law, the trial court erred in entering its order compelling arbitration. Parenthetically, Miller did not request findings of fact from the trial court and does not in this appeal challenge the trial court’s resolution of any fact questions underlying its order.  A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims asserted fall within the scope of that agreement.  
In re Oakwood Mobile Homes, Inc.
, 987 S.W.2d 571, 573 (Tex. 1999).  Once a party establishes a claim within the arbitration agreement, the trial court must compel arbitration and stay its own proceedings.  
Id.  
In Texas, every reasonable presumption must be decided in favor of arbitration.  
Nationwide of Bryan, Inc. v. Dyer
, 969 S.W.2d 518, 520 (Tex. App.–Austin 1998, no pet.). 
If a party denies the existence of an agreement to arbitrate, the trial court shall proceed summarily to determine the issue.  
See 
Tex. Civ. Prac. & Rem. Code Ann. §171.021 (Vernon. Supp. 2003).

The Texas Arbitration Act (the Act) is found in sections 171.001-171.098 of the Texas Civil Practice & Remedies Code.  Miller initially argues that a claim for legal malpractice is a claim for personal injury within the purview of section 171.002(a)(3).  In relevant part, that section provides that the Act does not apply to a claim for personal injury unless each party to a claim, on the advice of counsel, agrees to arbitrate and the agreement is signed by each party and each party’s attorney.  Tex. Civ. Prac. & Rem. Code Ann. §171.002(a) & (c) (Vernon Supp. 2003).  There being no such written agreement in this case,  Miller reasons that the court’s order compelling arbitration was not valid.

In advancing her argument, Miller relies upon the court’s decision in 
In re Godt,
 28 S.W.3d 732 (Tex. App.–Corpus Christi 2000, no pet.).  In that case, the court held that an arbitration provision in an attorney-client fee agreement was not enforceable under section 171.003(a)(3) because the client did not act on the advice of independent counsel, nor did independent counsel sign the agreement.  
Id. 
at 739.  
The 
Godt 
court’s conclusion is bottomed on the holding in 
Willis v. Maverick
, 760 S.W.2d 642, 644 (Tex. 1988), in which the court opined that a cause of action for legal malpractice is in the nature of a tort for the purpose of the two-year statute of limitations.  En route to its conclusion, the 
Godt 
court also noted 
Sample v. Freemen
, 873 S.W.2d 470, 476 (Tex. App.–Beaumont 1994, writ denied), and 
Estate of Degley v. Vega
, 797 S.W.2d 299, 302-03 (Tex. App.–Corpus Christi 1990, no writ), which had arrived at similar holdings.  In both of those cases, the courts cited and relied upon 
Willis
 as standing for the proposition that a legal malpractice claim is a claim for personal injury.  However, we do not read 
Willis
 as standing for that generic proposition.  Bryan Garner, in his excellent 
Dictionary of Modern Legal Usage
, defines a tort as “a civil wrong; the breach of a duty that the law imposes on everyone” and goes on to comment that that definition is “barely adequate” because “there is no common set of traits that every tort possesses.”  BRYAN GARNER,
 
A DICTIONARY OF MODERN LEGAL USAGE
 
885 (2
ND
 ed. 1995).  We do not agree that simply because a legal malpractice suit is classified as a tort, that classification requires the conclusion that such a suit is one for personal injury.

We also note that in its opinion, the 
Godt
 court commented on and, in reaching its conclusion, apparently relied upon the fact that “the nature of Godt’s complained-of injury in her malpractice claim is an action for personal injury, rather than an action for economic or contractual losses.”  
Godt, 
28 S.W.3d at 739.  Miller’s underlying claim was for economic losses stemming from employment discrimination rather than for personal injury.  For these reasons, we do not think the rationale of the 
Godt 
decision
 
is
 applicable here.  

Rather, we find the rationale used by the court in 
In re Hartigan
, 107 S.W.3d 684 (Tex. App.–San Antonio 2003, n. pet. h.) helpful.  In 
Hartigan
, the court refused to hold that a legal malpractice suit was 
per se
 one for personal injuries.  The legal malpractice suit involved in that matter arose out of representation in a divorce case and, the court opined the suit was not a claim for personal injury and was not excluded from the scope of the Texas Arbitration Act by section 171.002(a)(3).  
Id.
 at 690-91. 
  The suit with which we are concerned arises out of a suit for economic losses as a result of  employment discrimination.  We hold that it is not a suit for personal injuries within the purview of section 171.002(a)(3) of the Act.  Thus, the trial court did not err in entering its order requiring arbitration. 

Our holding that, under the Texas Arbitration Act, the trial court did not err in entering its order compelling arbitration, obviates the necessity for discussion of whether the order was permissible under the Federal Arbitration Act or under common law.  In summary, we hold the trial court did not, as a matter of law, err in ordering the parties to submit the underlying suit to arbitration.  Accordingly, Miller’s issue is overruled. 

Because of Miller’s undisputed refusal to comply with that order, the trial court did not abuse its discretion in entering its dismissal order, and the judgment of the trial court is affirmed.

 Per Curiam