NO. 07-01-0298-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 14, 2003

_____

SUSAN L. MILLER, APPELLANT

V.

J. MARK BREWER AND BREWER & PRITCHARD, P.C., APPELLEES

_____

FROM THE 55TH DISTRICT COURT OF HARRIS COUNTY;

NO. 1999-42971; HONORABLE SHERRY RADACK, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and BOYD, S.J.[1]

**OPINION**

This appeal arises from the trial court's dismissal, with prejudice, of a legal

malpractice suit filed by appellant Susan L. Miller (Miller) against appellees J. Mark Brewer

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

and Brewer & Pritchard, P.C. (Brewer). The suit was dismissed because of Miller's failure to comply with the trial court's order requiring arbitration of the dispute. In pursuing her appeal, Miller presents one issue with three sub-parts. In her issue, Miller asks the overall question whether the trial court erred as a matter of law in its dismissal of her suit because of her failure to comply with the required arbitration. As sub-parts of that question, she asks if appellees were able to compel arbitration pursuant to an attorney-client contract under (a) the Texas Arbitration Act; (b) the Federal Arbitration Act; and (c) under common law. For reasons hereinafter stated, we affirm the judgment of the trial court.

A brief recitation of the procedural history of this appeal is necessary. Miller's suit against Brewer was filed on August 24, 1999. Her suit grew out of Brewer's representation of her in a federal employment discrimination suit against Meridian Bank, Meridian Bancorp, Inc., Meridian Securities, Inc., and Meridian Capital Markets, Inc., which had been filed in the Federal District Court for the Southern District of Texas, Houston Division. In the suit against Brewer, Miller alleged that Brewer settled the federal case without her knowledge, consent, or approval, failed to advise her of the settlement, and obtained a portion of the settlement funds and applied it to Brewer's attorney's fees without her knowledge.

On October 4, 1999, Brewer responded to the suit by filing a plea in abatement, a motion to compel arbitration, and an answer. The motion to compel arbitration was based upon a mandatory arbitration clause contained in a written attorney-client representation

2

contract between Miller and Brewer. On October 15, 1999, Miller responded by asserting that the pages containing the arbitration clause were not in the contract when she signed it and, in the alternative, if she had agreed to the employment contract and the arbitration clause, her agreement was the result of fraud and fraudulent inducement. She also filed supporting affidavits. On December 15, 1999, Brewer filed a brief and supporting affidavits in connection with the plea in abatement and motion to compel arbitration. On December 22, 1999, after a hearing but without receiving evidence other than that contained in the record, the trial court entered its order compelling arbitration within 60 days and abated the case during the arbitration.

On February 16, 2000, Miller filed a demand for arbitration with the American Arbitration Association. On October 20, 2000, Miller filed a motion to set aside the order compelling arbitration and for reinstatement of the case on the court's docket. On November 3, 2000, the trial court denied Miller's motion to reconsider. Miller then revoked the consent to arbitrate and sought to have the case reinstated on the trial court's docket. On May 3, 2001, Brewer filed a motion to dismiss the case because of the failure to arbitrate and, on May 25, 2001, the trial court entered the dismissal order giving rise to this appeal.

In relevant part, the arbitration clause in question here reads:

This agreement is subject to binding arbitration. We do not anticipate a dispute over our representation or related fees and expenses. However, if a dispute should arise, all claims, disputes, controversies, differences or

other matters in question arising out of our relationship to each other (including, but not limited to compensation for services rendered by the firm) shall be settled finally, completely and conclusively by arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "Rules"), by one or more arbitrators chosen in accordance with the Rules . . . .

Discussion

As we have noted, the question Miller presents for our decision is whether, as a matter of law, the trial court erred in entering its order compelling arbitration. Parenthetically, Miller did not request findings of fact from the trial court and does not in this appeal challenge the trial court's resolution of any fact questions underlying its order. A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims asserted fall within the scope of that agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999). Once a party establishes a claim within the arbitration agreement, the trial court must compel arbitration and stay its own proceedings. *Id.* In Texas, every reasonable presumption must be decided in favor of arbitration. *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 520 (Tex. App.–Austin 1998, no pet.). If a party denies the existence of an agreement to arbitrate, the trial court shall proceed summarily to determine the issue. *See* Tex. Civ. Prac. & Rem. Code Ann. §171.021 (Vernon. Supp. 2003).

The Texas Arbitration Act (the Act) is found in sections 171.001-171.098 of the Texas Civil Practice & Remedies Code. Miller initially argues that a claim for legal

4

malpractice is a claim for personal injury within the purview of section 171.002(a)(3). In relevant part, that section provides that the Act does not apply to a claim for personal injury unless each party to a claim, on the advice of counsel, agrees to arbitrate and the agreement is signed by each party and each party's attorney. Tex. Civ. Prac. & Rem. Code Ann. §171.002(a) & (c) (Vernon Supp. 2003). There being no such written agreement in this case, Miller reasons that the court's order compelling arbitration was not valid.

In advancing her argument, Miller relies upon the court's decision in *In re Godt,* 28 S.W.3d 732 (Tex. App.–Corpus Christi 2000, no pet.). In that case, the court held that an arbitration provision in an attorney-client fee agreement was not enforceable under section 171.003(a)(3) because the client did not act on the advice of independent counsel, nor did independent counsel sign the agreement. *Id.* at 739. The *Godt* court's conclusion is bottomed on the holding in *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988), in which the court opined that a cause of action for legal malpractice is in the nature of a tort for the purpose of the two-year statute of limitations. En route to its conclusion, the *Godt* court also noted *Sample v. Freemen*, 873 S.W.2d 470, 476 (Tex. App.–Beaumont 1994, writ denied), and *Estate of Degley v. Vega,* 797 S.W.2d 299, 302-03 (Tex. App.–Corpus Christi 1990, no writ), which had arrived at similar holdings. In both of those cases, the courts cited and relied upon *Willis* as standing for the proposition that a legal malpractice claim is a claim for personal injury. However, we do not read *Willis* as standing for that generic proposition. Bryan Garner, in his excellent *Dictionary of Modern Legal Usage*, defines a

5

tort as "a civil wrong; the breach of a duty that the law imposes on everyone" and goes on to comment that that definition is "barely adequate" because "there is no common set of traits that every tort possesses." BRYAN GARNER, A DICTIONARY OF MODERN LEGAL USAGE 885 (2ND ed. 1995). We do not agree that simply because a legal malpractice suit is classified as a tort, that classification requires the conclusion that such a suit is one for personal injury.

We also note that in its opinion, the *Godt* court commented on and, in reaching its conclusion, apparently relied upon the fact that "the nature of Godt's complained-of injury in her malpractice claim is an action for personal injury, rather than an action for economic or contractual losses." *Godt,* 28 S.W.3d at 739. Miller's underlying claim was for economic losses stemming from employment discrimination rather than for personal injury. For these reasons, we do not think the rationale of the *Godt* decision is applicable here.

Rather, we find the rationale used by the court in *In re Hartigan*, 107 S.W.3d 684 (Tex. App.–San Antonio 2003, n. pet. h.) helpful. In *Hartigan*, the court refused to hold that a legal malpractice suit was *per se* one for personal injuries. The legal malpractice suit involved in that matter arose out of representation in a divorce case and, the court opined the suit was not a claim for personal injury and was not excluded from the scope of the Texas Arbitration Act by section 171.002(a)(3). *Id.* at 690-91. The suit with which we are concerned arises out of a suit for economic losses as a result of employment

6

discrimination.  We hold that it is not a suit for personal injuries within the purview of section 171.002(a)(3) of the Act.  Thus, the trial court did not err in entering its order requiring arbitration.

Our holding that, under the Texas Arbitration Act, the trial court did not err in entering its order compelling arbitration, obviates the necessity for discussion of whether the order was permissible under the Federal Arbitration Act or under common law.  In summary, we hold the trial court did not, as a matter of law, err in ordering the parties to submit the underlying suit to arbitration.  Accordingly, Miller's issue is overruled.

Because of Miller's undisputed refusal to comply with that order, the trial court did not abuse its discretion in entering its dismissal order, and the judgment of the trial court is affirmed.

Per Curiam

NO. 07-01-0298-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL E


OCTOBER 14, 2003


_____

8

SUSAN L. MILLER, APPELLANT


V.


J. MARK BREWER AND BREWER & PRITCHARD, P.C., APPELLEES


_____


FROM THE 55TH DISTRICT COURT OF HARRIS COUNTY;


NO. 1999-42971; HONORABLE SHERRY RADACK, JUDGE


_____

Before JOHNSON, C.J., and REAVIS and BOYD, S.J.[2]

**CONCURRING OPINION**

Considering the procedural posture of this case, I concur in the result, only.

Don H. Reavis
Justice

---

[2]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).