Reversed and Remanded and Majority and Concurring Opinions filed October
6, 2005









Reversed and Remanded and Majority and Concurring
Opinions filed October 6, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00701-CV

____________

 

DENNIS H. TAYLOR
AND SHEPHERD, SMITH & BEBEL, P.C., Appellants

 

V.

 

VALERIE WILSON, Appellee

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 2004-02864

 



 

M A J O R I T Y   O P I N I O N








This is an interlocutory appeal from the
denial of a motion to compel arbitration.[1]  Appellants, attorney Dennis Taylor and the
law firm of Shepherd, Smith, & Bebel, P.C., seek relief from the trial
court=s denial of their
motion to compel arbitration of Valerie Wilson=s claim for legal
malpractice.  Appellants= brief asserts two
issues: (1) whether a suit for legal malpractice is a claim for Apersonal injury@ under Texas Civil
Practice and Remedies Code section 171.002(a)(3); and (2) if so, whether the
claim must be compelled to arbitration if it is intertwined with a breach of
contract claim.  We
reverse the trial court=s order denying the motion to compel
arbitration and remand this cause for further proceedings.

I.  Background

In 2002, Valerie Wilson retained
appellants as legal counsel to represent her on a claim against an investment
firm and its broker.  Appellants, on
Wilson=s behalf, filed a
claim in arbitration seeking economic damages arising from breach of contract,
deceptive trade practices, breach of securities statutes, misrepresentation,
and breach of fiduciary duty.  Wilson and
appellants entered into a Power of Attorney and Contingent Fee Contract (the Aagreement@) that contains an
agreement to arbitrate disputes.[2]  After the arbitration claim was filed, the
brokerage firm ceased doing business and claimed financial deficits.  As a result, appellants entered into
settlement discussions with the brokerage firm and ultimately settled Wilson=s claim for
$40,000.  Wilson contends appellants
entered into the binding settlement agreement without her authority and in
violation of the agreement.

In 2004, Wilson filed suit against
appellants alleging legal malpractice, breach of fiduciary duty, and breach of
contract, and seeking fee forfeiture. 
Appellants moved to compel arbitration pursuant to the agreement, and
the trial court denied the motion. 
Appellants now appeal.

II. 
Discussion

A party seeking to compel arbitration must
establish the existence of a valid, enforceable arbitration agreement and show
the claims asserted fall within the scope of that agreement.  J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 227 (Tex. 2003).  The trial
court=s determination of
the arbitration agreement=s validity is a legal question subject to
de novo review.  Id.  








It is undisputed that the parties in this
matter entered into an agreement to arbitrate their disputes.  On appeal, appellants argue the trial court
erred by not compelling Wilson to arbitrate her dispute according to the terms
of the agreement.

A.      APersonal Injury@   

The trial court denied appellants= motion to compel
arbitration because it determined  Wilson=s legal
malpractice action was a claim for Apersonal injury@ pursuant to
section 171.002(a)(3) of the Texas Arbitration Act.[3]  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.002(a)(3)
(Vernon 2005).  The Texas Arbitration Act
does not apply to a claim for personal injury unless each party to a
claim, on the advice of counsel, agrees to arbitrate in writing, and the
agreement is signed by each party and each party=s attorney.  Id. at ' 171.002(a)(3),
(c)(1B2) (emphasis
added).  It is undisputed that the
parties did not comply with section 171.002(c)(1B2); therefore, the
trial court held the agreement to arbitrate was unenforceable.  On appeal, appellants contend the trial court
erred because a suit for legal malpractice is not a claim for Apersonal injury@ under the Texas
Arbitration Act. 

B.      Miller
v. Brewer, In re Hartigan, and In re Godt








The issue of whether a suit for legal
malpractice is a claim for Apersonal injury@ under the Texas
Arbitration Act is an issue of first impression in this court.[4] 
Other
appellate courts that have addressed the issue are split.  Compare Miller v. Brewer, 118 S.W.3d
896, 899 (Tex. App.CAmarillo 2003, no pet.) (holding a legal
malpractice suit stemming from employment discrimination is not a claim for
personal injury); and In re Hartigan, 107 S.W.3d 684, 690B91 (Tex. App.CSan Antonio 2003,
pet. denied) (holding a legal malpractice claim is not a claim for personal
injury); with In re Godt, 28 S.W.3d 732, 738B39 (Tex. App.CCorpus Christi
2000, no pet.) (holding a legal malpractice claim is a personal injury action
for all purposes).

The Corpus Christi Court of Appeals was
the first to address this issue, and, relying on three cases, it held a legal
malpractice suit is a claim for Apersonal injury@ under the Texas
Arbitration Act.  In re Godt, 28
S.W.3d at 738B39. 
The Godt court relied upon Willis v. Maverick, which held
a cause of action for legal malpractice is in the nature of a tort and
is governed by a two-year statute of limitations.  760 S.W.2d 642, 644 (Tex. 1988).  The other two cases relied upon by the
Godt court cite Willis as authority for the proposition that a legal
malpractice action is a claim for Apersonal injury.@  See Sample v. Freeman, 873
S.W.2d 470, 476B77 (Tex. App.CBeaumont 1994,
writ denied) (holding an award for pre-judgment interest in a legal malpractice
case is appropriate because a legal malpractice action is a personal injury
claim); Estate of Degley v. Vega, 797 S.W.2d 299, 302B03 (Tex. App.CCorpus Christi
1990, no writ) (classifying a legal malpractice claim as a claim for personal
injury for statute of limitations purposes). 
However, in Willis, the Texas Supreme Court held a
legal malpractice claim is in the nature of a tort for purposes of
determining the statute of limitations, but it did not hold that legal
malpractice is a personal injury action. 
Willis, 760 S.W.2d at 644. 
Thus, Willis stands for the proposition that legal malpractice is
a tort, but not for the conclusion that a claim of legal malpractice is a claim
for personal injury. 








Moreover, the plaintiff=s original injury
in Godt was based on personal injuries suffered from medical
malpractice.  Godt, 28 S.W.3d at
734.  In reaching its conclusion, the Godt
court Aapparently relied upon the fact that >the nature of Godt=s complained-of
injury in her malpractice claim is an action for personal injury, rather than
an action for economic or contractual losses.=@  Miller, 118 S.W.3d at 898 (quoting Godt,
28 S.W.3d at 739).  Here, unlike Godt,
Wilson=s underlying claim
was for economic losses rather than for personal injury.  We reject the Godt analysis and reach
the same conclusion as that of our other sister courts holding a legal malpractice
claim is not a claim for personal injury. 
See Miller, 118 S.W.3d at 897B99; In re
Hartigan, 107 S.W.3d at 689B91.  Our conclusion is buttressed by  the legislative history of the personal
injury exception to the application of the Texas Arbitration Act. 

C.      Legislative
History of the Personal Injury Provision in the Texas Arbitration Act 

The legislative history regarding the
personal injury exception to the Texas Arbitration Act reveals the legislature
intended to restrict the scope of the personal injury exception to physical personal
injury.  A summary of the legislative
history of the personal injury provision in the Texas Arbitration Act is as
follows:     

In 1978, the
House Judiciary Committee met between legislative sessions to investigate how
arbitration could be better used to relieve an increasingly overburdened court
system.  The committee issued four
recommendations designed to increase use of arbitration, then attempted to
implement those recommendations via House Bill 15 (>>H.B. 15==) in the 66th Legislative Regular
Session.  The limitation on arbitration
for personal injury claims first appeared as an amendment to H.B. 15.    

In the second
meeting of the House Judiciary Committee on H.B. 15, an amendment was offered
to exclude personal injury actions from the [Texas Arbitration Act].  The bill was subsequently referred to a
special subcommittee which modified the amendment by allowing arbitration of
personal injury actions under the statute so long as the parties to a written
agreement could prove they were advised on the implications of arbitration by
counsel.  The amendment was only concerned
with physical personal injuries, as it also sought to exclude claims for
workers= compensation.  The essence of the language in the amendment
was agreed to by the Senate, and subsequently adopted into the final version of
the bill.  The personal injury clause
remained substantially unchanged when the 74th Legislature redesignated the
[Texas Arbitration Act] from the Civil Statutes to Chapter 171 of the Civil
Practice & Remedies Code.  The
reorganization of the Civil Practice and Remedies Code under the 75th
Legislature, which divided the old section 171.001 into two sections, placed
the personal injury clause in the new section 171.002 and added the requirement
that a personal injury arbitration agreement must be signed by the parties
themselves, as well as their attorneys. 

 








Robert J. Kraemer, Attorney-Client Conundrum: The
Use of Arbitration Agreements for Legal Malpractice in Texas, 33 St. Mary=s L.J. 909, 932B34 (2002)
(emphasis added) (footnotes omitted). 
The legislature clearly did not intend to include a claim for legal
malpractice within the personal injury exception.

III. 
Conclusion

We find no room for doubt in the
legislature=s intent to restrict the meaning of the
personal injury exception of the Texas Arbitration Act to physical personal
injury.  Inasmuch as Wilson has not
suffered a physical injury, her malpractice claim is not excluded from arbitration.[5]  Thus, the trial court erred as a matter of
law by finding Wilson=s legal malpractice claim was a claim for
personal injury.  Because we resolve the
first issue in appellants= favor, we do not address their second
issue.  Accordingly, we reverse the trial
court=s order denying
appellants= motion to compel arbitration and remand
this cause with instructions to the trial court to enter an order compelling
arbitration between appellee, Valerie Wilson, and the appellants, Dennis Taylor
and the law firm of Shepherd, Smith & Bebel, P.C., and staying all other
proceedings in this matter pending the outcome of the arbitration.                           

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Majority and Concurring Opinions filed October 6, 2005.

Panel
consists of Justices Anderson, Frost, and Seymore.    











[1]  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1) (Vernon 2005).





[2]  In the last
paragraph of the agreement, the last sentence provides in bold, A[a]ny dispute arising under or relating to this
agreement shall be determined by arbitration in Houston, Texas according to the
Arbitration Act.@  Below this
sentence and above the signature line, the agreement further provides in bold
type: AI CERTIFY THAT I HAVE HAD THE OPPORTUNITY TO READ THIS
AGREEMENT, INCLUDING THE ARBITRATION PROVISION, AND VOLUNTARILY ENTER INTO THIS
AGREEMENT FULLY AWARE OF ALL ITS TERMS AND CONDITIONS.@





[3]  The Texas Arbitration Act is found
in sections 171.001B171.098 of the Texas Civil Practice
and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. '' 171.001B171.098 (Vernon 2005). 





[4]  We note
appellants= brief cites various Texas statutes defining Apersonal injury@ in
support of their proposition that the Texas Legislature did not intend the term
Apersonal injury@ to
encompass legal malpractice claims.  See
Tex. Code Crim. Proc. Ann.
art. 56.32(10) (Vernon Supp. 2004) (stating Apersonal
injury@ means physical or mental harm); Tex. Gov=t Code Ann. ' 615.021(e)(1)(ABB)
(Vernon Supp. 2004) (stating Apersonal injury@ means
an injury resulting from an external force, an activity, or a disease caused by
or resulting from a line-of-duty accident or an illness caused by line-of-duty
work under hazardous conditions); Tex.
Transp. Code Ann. ' 541.401(7) (Vernon 1999) (stating Apersonal injury@ means
an injury to any part of the human body that requires treatment).  These statutes are consistent with the
legislative history of the personal injury exclusion from the Texas Arbitration
Act restricting the term to physical personal injury. 





[5]  Wilson=s first amended original petition asserted legal
malpractice, breach of fiduciary duty and breach of contract claims against
appellants.  Wilson also claimed damages
proximately caused by those acts amounted to, among other amounts, $500,000 in
mental anguish damages.  While Wilson
does not assert on appeal that her claim for mental anguish damages bolsters
her argument that her claim is one for personal injury, the issue is fairly
raised in this appeal.

As plead in her petition, Wilson=s alleged mental anguish damages are the result of
economic losses caused by an attorney=s
negligence.  When a plaintiff=s mental anguish is a consequence of economic losses
caused by an attorney=s negligence, the plaintiff may not recover damages
for that mental anguish.  Douglas v.
Delp, 987 S.W.2d 879, 885 (Tex. 1999). 
Thus, Wilson=s mental anguish damages are not recoverable, and
cannot support her assertion that her claim is one for a physical personal
injury.