**ERNST & YOUNG LLP, Appellant,**

v.

**J. David MARTIN, Michael Covarrubias, and Cathy Greenwold, Appellees.**

**In re Ernst & Young LLP, Relator.**

**Nos. 14–07–00821–CV, 14–07–00896–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 5, 2009.

498

J. Brett Busby, Mark Manela, Lee B. Kovarsky, Houston, Seth Farber, New York, NY, Paul Mogin, Washington, DC, for appellant in 14-07-00821-CV.

J. Brett Busby, Mike Stenglein, Mark D. Manela, Lee B. Kovarsky, Houston, Justin Warf, Austin, for relator in 14-07-00896-CV.

John E. Chapoton, Leif Alexander Olson, H. Ronald Welsh, Sarah A. Duckers, Houston, for appellees in 14-07-00821-CV.

Leif Alexander Olson, H. Ronald Welsh, John E. Chapoton, Houston, for real party in interest in 14-07-00896-CV.

Panel consists of Justices YATES, SEYMORE, and BOYCE.

## OPINION

LESLIE B. YATES, Justice.

This is a consolidated request for a writ of mandamus and direct appeal by appellant Ernst & Young LLP ("E & Y") arising out of the trial court's denial of its motion to compel arbitration of the claims filed against it by appellees J. David Martin, Michael Covarrubias, and Cathy Greenwold. We conclude the trial court abused its discretion in denying E & Y's motion to compel arbitration. We conditionally grant E & Y's request for a writ of mandamus and dismiss its direct appeal as moot.

## Background

In 1999, appellees, California residents, hired E & Y in California to provide tax advice. Appellees had anticipated that the actions they took pursuant to this advice would provide tax benefits and potential economic profit. However, the IRS disallowed the tax benefits claimed from implementing E & Y's tax advice, costing appellees millions of dollars in back taxes, penalties, and interest.

Appellees sued E & Y, among other parties, asserting claims for malpractice and various other common law theories, including fraud and unjust enrichment. E & Y filed a motion to compel arbitration under the Federal Arbitration Act ("FAA") and, in the alternative, under the Texas Arbitration Act. This request was based on language in appellees' engagement letters with E & Y agreeing to submit all disputes that could not be solved by mediation to arbitration. Appellees opposed arbitration, arguing that their contract with E & Y was unconscionable. The trial court denied the motion without explanation.

## Analysis

■ The parties all agree that the FAA controls in this case. Indeed, the arbitration clause provides that disputes regarding the enforceability of any part of the arbitration agreement "shall be governed by the Federal Arbitration Act." Courts honor agreements to be bound by the FAA. *In re Jim Walter Homes, Inc.,* 207 S.W.3d 888, 896 (Tex.App.-Houston [14th Dist.2006], orig. proceeding).

■ A party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the claims asserted are within the scope of the agreement. *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 781 (Tex.2006) (orig.proceeding); *In re Igloo Prods. Corp.,* 238 S.W.3d 574, 577 (Tex.App.-Houston [14th Dist.] 2007, orig. proceeding [mand. denied] ). If these showings are made, the burden shifts to the party opposing arbitration to present a valid defense to the agreement. *In re Igloo Prods. Corp.,* 238 S.W.3d at 577. In the absence of a valid defense, the trial court has no discretion to exercise and must compel arbitration. *In re D. Wilson Constr. Co.,* 196 S.W.3d at 781; *In re Igloo Prods. Corp.,* 238 S.W.3d at 577. When a trial court improperly denies a motion to compel arbitration under the FAA, mandamus relief is appropriate. *In re Bank One, N.A.,* 216 S.W.3d 825, 826 (Tex.2007) (orig.proceeding).

Appellees argue that arbitration is improper because the contract is unconscionable under California law, which they contend controls. They claim E & Y fraudulently induced them to enter in to the agreement and that many terms of the agreement, such as limiting their damages to the fees paid to E & Y, render the agreement unconscionable. E & Y argues that California law does not apply, that even if it should, appellees have not properly invoked it, and that the

agreement is not unconscionable. We need not decide any of these issues because, under the terms of the contract, the arbitrator must make these decisions.

■■■ The parties disagree as to whether appellees' unconscionability defense is the type of issue that should be decided by the court or the arbitrator. *Compare Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (noting that arbitrability is generally a question for the court), *with Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 446, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (stating that issue of a contract's validity is to be decided by arbitrator unless challenge is to arbitration clause itself rather than contract as a whole). Regardless of which analysis would otherwise apply, neither is relevant because the parties' agreement controls. The FAA allows the parties to determine which issues are arbitrable. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.,* — U.S. ——, 128 S.Ct. 1396, 1404, 170 L.Ed.2d 254 (2008). The rule that courts usually decide issues of arbitrability is a default rule that applies unless the contract provides otherwise. *See Howsam,* 537 U.S. at 83, 123 S.Ct. 588. Parties to a contract can agree to submit any issue to arbitration, including questions of arbitrability. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *see also Forest Oil Corp. v. McAllen,* 268 S.W.3d 51, 61 n. 38 (Tex. 2008) (noting general rule that parties can contract as they see fit).

■■■ The agreement here states:
Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the [FAA] and resolved by the arbitrators.

As they acknowledged during oral argument, appellees make no argument that this specific provision—that is, the agreement to have the arbitrator decide all arbitrability issues and resolve any contention that any arbitration procedure is unenforceable—is itself invalid. Absent such an argument, an arbitration clause that reallocates traditional court functions to the arbitrator is enforceable and cannot serve as a basis for denying a motion to compel arbitration. *See Forest Oil Corp.,* 268 S.W.3d at 61 (finding trial court had no discretion but to enforce contract provision "shrinking the court's traditional role and expanding the arbitrators'" when nonmovant did not challenge that provision on any legal or public policy grounds); *Anderson v. Pitney Bowes, Inc.,* No. C 04–4808 SBA, 2005 WL 1048700, at *2 & n. 4 (N.D.Cal. May 4, 2005) (granting motion to compel arbitration, despite allegation that arbitration was unconscionable, because contract stated arbitrator was to decide arbitrability issues and there was no allegation that the provision giving arbitrator this power was unconscionable); *Carbajal v. Household Bank, FSB,* No. 00 C 0626, 2003 WL 22159473, at *8 (N.D.Ill. Sept.18, 2003) (same), *aff'd sub nom. Carbajal v. H & R Block Tax. Servs.,* 372 F.3d 903 (7th Cir. 2004).

For the first time in post-submission briefing, appellees point to California case law purporting to hold that even when the arbitration agreement states that the arbitrator is to decide arbitrability issues, an allegation of unconscionability effectively shifts that determination to the court. However, unlike here, those cases involved a challenge to the agreement to arbitrate itself. *See Bruni v. Didion,* 160 Cal. App.4th 1272, 73 Cal.Rptr.3d 395, 400, 408 (2008); *Murphy v. Check 'N Go,* 156 Cal.

App.4th 138, 67 Cal.Rptr.3d 120, 124–25 (2007); *cf.* *Anderson,* 2005 WL 1048700, at *2 & n. 4. Appellees have never argued that they did not knowingly agree to arbitration or that the specific agreement to allow the arbitrator to decide the issues of arbitrability and enforceability of the contract is unconscionable or otherwise invalid.

The parties' arbitration clause clearly states that arguments such as those made by appellees are to be decided by the arbitrator. Based on this unchallenged provision, the trial court had no discretion to deny E & Y's motion for arbitration. Therefore, we conditionally grant the writ of mandamus and direct the trial court to (1) vacate its order denying E & Y's motion to compel arbitration and (2) grant E & Y's motion to compel arbitration. The writ will issue only if the trial court fails to comply. Insofar as we have granted full relief pursuant to E & Y's request for a writ of mandamus, we dismiss E & Y's direct appeal as moot. *See In re D. Wilson Constr. Co.,* 196 S.W.3d at 784 (granting mandamus relief for improperly denying arbitration and dismissing related direct appeal as moot).